25 Ill.2d 41 (1962)
182 N.E.2d 680
THE PEOPLE ex rel. Chicago Title and Trust Company, Trustee, Appellant,
v.
AMBROSE REITER et al., Appellees.
No. 36417.
Supreme Court of Illinois.
Opinion filed May 25, 1962.
*42 L. LOUIS KARTON and MAROVITZ, POWELL & PIZER, all of Chicago, for appellant.
MARVIN J. GLINK, Corporation Counsel, of Skokie, and HARVEY SCHWARTZ, and SCHWARTZ & ZABAN, both of Chicago, for appellees.
Reversed and remanded.
Mr. JUSTICE SOLFISBURG delivered the opinion of the court:
This is an action by Chicago Title and Trust Company as trustee, brought in the superior court of Cook County attacking the zoning ordinance of the village of Skokie insofar as it classifies as residential certain vacant land held in trust by the plaintiff. From a judgment in favor of defendants the plaintiff appeals directly to this court, the trial judge having certified that the validity of a municipal ordinance is involved and that the public interest requires such an appeal.
The subject property, hereinafter sometimes described as the tract, is a wooded area located on the north side of Dempster Street, and extends west from Hamlin Avenue to a point 102.47 feet beyond the next intersection. It is 117 feet in depth. Dempster Street is one of the important east-west traffic arteries connecting the lake and the western suburbs, and carries a large amount of traffic. Prior to *43 Skokie's first zoning ordinance Dempster had largely developed as a business and commercial street, and in 1930, when the village enacted a zoning ordinance, the street was classified for such use throughout its entire length. In 1946 an amending ordinance changed from commercial to residential classification a portion four blocks long on the south side of the street opposite the subject property, and a portion about six blocks long, including the subject property, along the north side. In 1957 a further amendment restored to a commercial classification part of the north side, leaving 1 1/2 blocks (including the tract) still restricted to residential use. The south side was unchanged.
Although the 1946 amending ordinance changed the four blocks on the south side of the street opposite the tract involved to a residential classification, the earliest home building in that area was in 1955, said land remaining vacant up to that time. Dempster is one of the most heavily travelled east-west streets in this area. Dempster for almost its entire length through Skokie is zoned for business on both sides. Aside from the properties herein involved, the only exception to business is the Evanston golf course property on the south side of Dempster a considerable distance to the east of this property, and some property opposite the golf club.
Ben Sears, the beneficiary of the trust, is engaged in building and development work. He bought the land in 1957, paying $110 a front foot. He and several other witnesses on behalf of the plaintiff testified to the effect that the highest and best use of the property is for commercial purposes, that its value for such use is $300 to $400 per front foot, whereas the value for residential purposes is $40 to $100. A city planner and zoning consultant agreed, expressing the view that because of the heavy traffic and the presence of business establishments for some distances east and west the "small pocket" zoned for residential use impairs the continuity of the zoning pattern.
*44 On defendants' behalf several residents who had built homes on the south side of the street across from the tract testified concerning adverse effects the proposed use would have upon the area as a place in which to live and upon the values of their properties. These residents testified that they purchased their lots and built homes subsequent to 1946, relying on the residential classification of the immediate neighborhood. Their homes ranged from $20,000 to $30,000 in value. A city planning and zoning consultant testified that the area south of the alley line, south of Dempster Street, is also developed with single-family residences, mostly of recent construction and all of a fine character in a range of $20,000 to $30,000 or $35,000 in value, and that a business use of the tract would create an adverse effect upon the residential areas to the north and the south. The witness further stated that modern zoning requires business property to have depth, so adequate off-street parking can be provided and a "strip-type" development avoided, and that the tract is too shallow to afford the proper type of business development.
In the recent case of Marquette National Bank v. County of Cook, 24 Ill.2d 497, we said:
"This court has heretofore set forth the general principles which have been evolved to test the validity of zoning ordinances. (Atkins v. County of Cook, 18 Ill.2d 287, and the cases cited therein.) In substance, each case must necessarily be decided on its own particular facts taking into consideration the use and zoning of nearby property, the character of the neighborhood, the extent property values are diminished and the relative gain to the public as compared with the hardship imposed upon the owner. A zoning classification will be upheld if it bears a substantial relation to the public health, safety, comfort, morals and welfare. Where the question of its reasonableness as applied to a particular parcel of property is subject to a fair difference of opinion, the legislative judgment of the zoning authority *45 should be followed. The presumption of validity is overcome, however, when it is shown that there is no reasonable basis in public welfare requiring the restriction and the resulting loss. Where the gain to the public is small as compared to the hardship imposed upon the owner, no valid basis for the exercise of police power exists. Liebling v. Village of Deerfield, 21 Ill.2d 196.
"It is not the mere loss of value alone that is significant in this case, but it is the fact the public welfare does not require the restriction and resulting loss. When it is shown that no reasonable basis of public welfare requires the limitation or restriction and resulting loss, the ordinance fails and the presumption of validity is dissipated. Krom v. City of Elmhurst, 8 Ill.2d 104.
"The law does not require that the subject property be totally unsuitable for the purpose classified but it is sufficient that a substantial decrease in value results from a classification bearing no substantial relation to the public welfare. (La Salle National Bank v. County of Cook, 12 Ill.2d 40.)"
Despite the presumption of the validity of the zoning ordinance, the record in this case reveals that the village of Skokie, by the zoning ordinance amendments of 1946 and 1957, has created residential classifications without regard to the existing uses on Dempster Street. The provisions of the present ordinance are not justified nor required by any consideration of public health, safety, morals and welfare. Defendants contend that the property facing on Dempster Street takes its character from the residential developments to the north and south of Dempster. However, considering the fact that Dempster is devoted exclusively to business with the exception of the pocket here involved, it is apparent the character of this property comes from Dempster Street itself rather than from the residential property lying to the north and south. (Stratford Aire Ass'n v. Hibser, 26 Ill. App.2d 214.) In the case of Zilien v. City of Chicago, 415 Ill. 488, we condemned the singling out of certain blocks for *46 business and alternate blocks for commercial use, especially when there is no evidence to show any reason related to the public good for such "leap-frogging pattern." In Trust Company of Chicago v. City of Chicago, 408 Ill. 91, we held a zoning ordinance invalid where it established a single-family residence use in an area devoted to multi-apartment buildings and held that action under the rezoning ordinance found no justification in any aspect of the police power asserted for the public good. We cannot find that the 1957 Skokie ordinance promotes or preserves the general welfare. The only real result of the ordinance is that it grants special privileges to a few property owners, without relation to the general public welfare, and is therefore invalid as applied to the plaintiff's property. Although there is the usual conflict in testimony which we find in zoning cases, the trial court, in effect, found that the property involved is suitable for residential purposes and that the ordinance bears the proper relation to the public health, safety, morals and general welfare. However, from our analysis of the conflicting testimony, we believe it is fair to say that the area in question may never be developed residentially.
It must be conceded that the value of plaintiff's land will be enhanced if a commercial use is permitted, and this is its highest and best use. It appears here that zoning prohibiting a commercial use is confiscatory and unconstitutional. (Midland Electric Coal Corp. v. County of Knox, 1 Ill.2d 200.) Although plaintiff's beneficiary acquired the subject property in 1957 when it was zoned R-2, we said under similar circumstances in Trust Company of Chicago v. City of Chicago, 408 Ill. 91 at page 101, that "This does not mean, however, that a purchaser of property upon which a restriction had previously been imposed by a zoning ordinance may not attack the validity of such restriction."
As to the contention of the defendants that they had a right as purchasers of property to rely upon the classification which existed as to that property when the purchase was *47 made and upon the rule of law that its classification will not be changed so long as the basis of public welfare remains the same, we have previously indicated that the zoning history of Dempster Street reveals that the zoning ordinance amendments of 1946 and 1957 did not bear any proper relation to the public welfare. Further, as to the contention of reliance, it is clear on this record that defendant owners on the south side of Dempster built with commercial uses east and west of them in plain view.
The established commercial character of Dempster has already had a substantial adverse effect on the residential property values in the area. It does not appear that the commercial use of this tract will have any substantial additional effect on these property values.
We therefore conclude that the zoning ordinance of Skokie, as amended, is invalid with respect to plaintiff's property. The judgment of the superior court of Cook County is accordingly reversed and the cause is remanded with directions to grant the relief prayed.
Reversed and remanded, with directions.