Ruth Wolfe, Plaintiff-Appellant, v. Village of Riverside, a Municipal Corporation, Defendant-Appellee.

**Gen. No. 49,843.**

First District, First Division.

June 4, 1965.

Bernard C. Arkules, of Chicago, for appellant.

Tenney, Bentley, Gutherie & Howell, of Chicago (S. Ashley Gutherie and David C. Newman, of counsel), for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

This is a declaratory judgment action in which Ruth Wolfe attacks the validity of the side yard requirements of the zoning ordinance of the Village of Riverside as they apply to her property. The plaintiff's property is a vacant lot, which has a 25 foot frontage

and which is zoned for residential purposes only. The zoning ordinance requires that five foot side yards be maintained on each side of any residence built on the lot. As a result, the only type of home which can be built on the property consistent with the ordinance is a building only 15 feet wide. In her complaint, the plaintiff asked the court to declare that the side yard provisions are arbitrary, capricious and unreasonable and therefore void. She further asked the court to declare that her property may be lawfully used as the site for a residence with side yards of no more than 2½ feet. At the close of the plaintiff's case, the trial court sustained the defendant's motion for judgment in its favor and entered a decree on May 26, 1964, dismissing the complaint for want of equity. From this decree the plaintiff appeals.

The record shows that the subject property was plotted in 1921 and that under the defendant's first zoning ordinance, which was adopted in 1922, the subject property was zoned for residential or commercial uses. Under that ordinance, if the property was used for residential purposes, five foot side yards were required; however no side yards were required for commercial buildings. Under a 1944 amendment to the ordinance, the property could be used only for residential purposes subject to the same side yard requirements. The plaintiff purchased the property on August 8, 1962, for approximately $2,115 with full knowledge of the side yard restrictions.

The property along the street on which the subject property fronts has been developed for residential, commercial and public uses. On the side of the street on which the subject property is located, there are five residences. The residence immediately to the north of the subject property is a split-level structure which is located about 9 feet from the plaintiff's lot line. The residence adjoining the subject property on

the south is a two-story building which is located about 12 feet from the plaintiff's lot line. On the other side of the street, there is a grocery and meat market located on a 25-foot corner lot. North of this market, there is a large municipal water works building at the rear of which stand two large elevated water tanks. To the north of the water works, there are three buildings: one single-story brick residence and two new brick two-flat apartment buildings.

At the trial, a real estate broker and appraiser with over thirty years experience testified that the property was best suited for use as a single-family residence, but that improvement of the property with a residence only 15 feet wide would have a very adverse effect on the adjoining properties. He said that such a building "would be smaller than a two car garage." He further stated that if the plantiff were permitted to construct a home which was 20 feet wide and which had 2½ foot side yards, the distance between the proposed house and the house to the north would be 11½ feet and the distance between the proposed house and the house to the south would be 14½ feet. He said that such distances between the structures would be adequate for the purposes of light, air and fire protection. Finally he stated that the subject property would have a value of $4,000 if a 20 foot wide building were permitted, but that it would have a value of only $1,000 to $1,500 if the five foot side yard restriction is enforced thereby permitting only the construction of a 15 foot wide house. Another real estate broker, with whom the subject property had been listed for sale, testified that he had been unsuccessful in obtaining a buyer for the subject premises because of the five foot side yard restrictions. He also said that he offered the subject premises to the owners of the adjoining property and that one of the owners "told me the Village told her the lot is not to be built on, so why should she buy it."

It is clear, as the defendant argues, that zoning classification is primarily a legislative function and that zoning ordinances are presumed to be valid; yet it is also clear that the presumption of validity can be overcome by clear and convincing proof that the ordinance is arbitrary, unreasonable and that it bears no substantial relationship to the public welfare. LaSalle National Bank of Chicago v. County of Cook, 12 Ill2d 40, 145 NE2d 65; Bennett v. City of Chicago, 24 Ill2d 270, 181 NE2d 96; Urann v. Village of Hinsdale, 30 Ill2d 170, 195 NE2d 643; Lapkus Builders, Inc. v. City of Chicago, 30 Ill2d 304, 196 NE2d 682. The presumption is overcome when it is shown that the ordinance results in the destruction of property values with an absence of any reasonable basis in the public welfare requiring the restriction and the resulting loss. This was emphasized in LaSalle National Bank v. County of Cook, 28 Ill2d 497, 192 NE 2d 909, where the court said:

> Zoning classifications must bear real and substantial relationship to the public welfare, health or safety; and where the gain to the public is small, as compared to the hardship imposed on the owner, no valid basis for the exercise of the police power exists. (28 Ill2d at page 501.)

To the same effect, see Chicago Title and Trust Co. v. Village of Wilmette, 27 Ill2d 116, 188 NE2d 33 and Marquette Nat. Bank v. County of Cook, 24 Ill2d 497, 182 NE2d 147. However, the law does not require that the subject property be totally unsuitable for the permitted purpose; it is sufficient that a substantial decrease in value results from a classification bearing no substantial relation to the public welfare. LaSalle Nat. Bank v. County of Cook, 12 Ill2d 40, 145 NE2d 65.

168

■ We believe that the plaintiff has sustained the burden which is necessary to overcome the presumptive validity of the ordinance in question. The evidence clearly shows that enforcement of the five foot side yard restriction would substantially depress the value of the subject property, if not make it worthless. Moreover, we believe that, as applied to the subject premises, the five-foot side yard restrictions bear no substantial relation to the public welfare. The apparent purpose of the restriction was to provide a minimum distance of 10 feet between residences; however it is clear from the record that if the plaintiff were permitted to build a 20-foot wide house with only 2½ foot side yards, there would still be more than 10 feet between the plaintiff's proposed house and the buildings on either side. Indeed, the plaintiff's experienced real estate broker and appraiser testified that the distances between the plaintiff's proposed 20-foot wide house and the neighboring residences would be adequate for the purposes of light, air and fire protection. We are not persuaded by the defendant's speculation that at some time in the future, the neighboring property owners might expand their houses to their five-foot side yard limit, thereby reducing the distance between their houses and the plaintiff's proposed house to less than 10 feet.

■ The defendant does not argue that the plaintiff's knowledge of the restriction before purchase bars her from attacking the ordinance. Chicago Title and Trust Co. v. Village of Wilmette, cited above, and People ex rel. Chicago Title and Trust Co. v. Reiter, 25 Ill2d 41, 182 NE2d 680. The defendant does contend, however, that this fact must be given weight in passing on the soundness of the plaintiff's attack on the ordinance. We have given this fact due consideration, but we believe we must hold to our determination that

169

the present restriction bears no substantial relation to the public welfare and that its enforcement would substantially decrease the value of the plaintiff's property or make her property worthless.

For the reasons stated, the decree dismissing the complaint for want of equity must be reversed and since, as a matter of law, no judgment could be entered sustaining the ordinance, the cause must be remanded to the Circuit Court with directions to enter judgment for the plaintiff declaring that, as applied to the subject property, the five foot side yard restriction of the defendant's zoning ordinance is void and that the subject property may be improved for residential purposes with side yards of no less than 2½ feet in width.

Reversed and remanded with directions.

MURPHY and KLUCZYNSKI, JJ., concur.