GERALD S. GROBMAN, Plaintiff-Appellee, *v.* THE CITY OF DES PLAINES, Defendant-Appellant.

(No. 57451;

First District (4th Division)—October 10, 1973.

BURMAN, P. J., dissenting.

Robert J. Di Leonardi, of Des Plaines, (Charles R. Hug, of counsel,) for appellant.

Moltz & Wexler, of Chicago, (Leon C. Wexler, of counsel,) for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The City of Des Plaines appeals from a declaratory judgment entered in the Circuit Court of Cook County wherein the zoning ordinance of the City of Des Plaines was declared unconstitutional as applied to the plaintiff's lot.

The issues presented for review are: (1) whether the plaintiff proved by clear and convincing evidence the zoning ordinance of the City of Des Plaines is confiscatory as applied to the plaintiff's property in view of the plaintiff's proposed use; (2) whether the plaintiff's alleged hardship was caused by the zoning ordinance or his own voluntary actions; (3) whether the regulation of density through minimum lot area and frontage restrictions is a legitimate exercise of the City of Des Plaines; and (4) whether the fact that the subject property was a platted lot of record prior to the subsequently passed zoning ordinance which established minimum lot size requirements gives the plaintiff any right to build in violation of those requirements.

The plaintiff, Gerald S. Grobman, is an attorney who acquired a vacant lot in the City of Des Plaines by purchasing delinquent real estate taxes for the years 1967, 1968 and 1969 in the amount of $178.37. The plaintiff received the tax deed for the property on May 3, 1971. He also paid an assessment of $700.00 which had been previously levied against the property and which thereby brought his total expenditure to approximately $878.37.

The subject lot is zoned R-2, Single Family Residence, with a frontage of 25 feet and a depth of 126 feet, giving the lot an area of 3150 square feet. The zoning ordinance of the City of Des Plaines requires a lot zoned R-2, Single Family Residence, to have a frontage of 55 feet and an area of 6875 square feet to qualify for a building permit. Since the lot did not meet these minimum requirements for a building permit, the plaintiff attempted to sell the subject lot to the adjoining property owners. This claim is supported by John Truss, one of the adjoining property owners, who testified the plaintiff had indeed offered to sell him the subject lot for $4,000.00 in a letter dated July 9, 1971. Mr. Truss further testified he refused the offer to purchase the lot because the price placed on it by the plaintiff was too high. Mr. Truss, however, did enter negotiations with the plaintiff regarding the lot and at the time of trial was willing to purchase the lot from the plaintiff for $1,500.00. On July 23,

1971, the plaintiff executed a contract to sell the lot to Leon Wexler, another attorney, who was acting as nominee for an unnamed purchaser. A condition of this purchase contract, however, was the acquisition by plaintiff of a building permit for the subject lot. The proposed use of such building permit would be the construction of a house with dimensions of 20 feet by 56 feet, having side yards of 2½ feet, the minimum side yards required by the zoning ordinance of the City of Des Plaines being 5 feet. Since the plaintiff assumed a permit would not be issued for such a proposed use under the zoning ordinance of the City of Des Plaines, he initiated the instant declaratory judgment action in the Circuit Court of Cook County so as to have the zoning ordinance of the City of Des Plaines declared unconstitutional as applied to the subject lot.

During the trial, the plaintiff admitted that when he acquired the subject lot he did not realize the zoning ordinance of the City of Des Plaines precluded building a structure on the lot due to its size. This fact, however, became known to him soon thereafter, causing him to offer to sell the lot to the adjacent property owners. When such attempts proved fruitless, the plaintiff testified he was able to enter into a sales contract for the lot provided he could acquire a building permit.

The City of Des Plaines also presented certain evidence during the course of the trial. The record reflects the City tendered evidence which established that within the immediate area of the subject lot there are 83 developed lots with an average frontage of 51.6 feet. Of these lots, seven are under 50 feet in width but none are 25 feet. Moreover, 61 lots are 50 feet wide and 15 lots are greater than 50 feet wide, 10 being 60 feet and five being 75 feet. The lots adjacent to the subject lot are both 50 feet wide. The City presented further evidence as to the section of the zoning ordinance requiring 5 foot side yards in order to show the 2½ foot side yards proposed by the plaintiff would have an adverse effect upon the health, morals, welfare and safety of the general public and particularly on the adjoining properties due to the loss of light and air. Following the presentation of this evidence, the trial court entered a judgment wherein the zoning ordinance of the City of Des Plaines was declared unconstitutional as to the subject lot as being confiscatory of the plaintiff's property, and also declaring the proposed use reasonable. The City of Des Plaines herein appeals from that judgment.

■■ The first issue presented for review is whether the plaintiff has met the two-fold burden placed upon a party challenging a zoning ordinance in *Mangel v. Village of Wilmette*, (1969) 115 Ill.App.2d 383. In *Mangel*, the court stated a party challenging a zoning ordinance must prove by clear and convincing evidence that the zoning ordinance in question is

confiscatory as applied to the party's property, and thereafter prove the party's proposed use is reasonable under all the circumstances.

The City of Des Plaines contends a review of the record reflects the plaintiff failed to meet the requisite burden of proof in either regard. The City of Des Plaines bases this contention on the present state of Illinois law in regard to zoning, which requires a plaintiff who asserts a zoning ordinance is confiscatory as to a particular property must first prove by clear and convincing evidence the zoning ordinance is arbitrary and unreasonable, thereby rendering it confiscatory as to the particular property, and must thereafter prove by a preponderance of the evidence the proposed use for such property is reasonable. *First National Bank of Lake Forest v. Village of Northbrook* (1971), 2 Ill.App.3d 1082.

An initial review of the record shows the plaintiff, an attorney, admitted he acquired the tax deed for property without ever attempting to determine the nature of the zoning restrictions on the property. Furthermore, the plaintiff testified he could receive $1,500.00 for the subject lot at the time of trial—almost twice his investment in the property—by selling the lot to the adjoining property owner. This fact is supported by the testimony of the adjoining property owner, John Truss, who was willing at the time of trial to purchase the lot for $1,500.00. Moreover, the testimony of a local real estate broker reflects the price of $1,500.00 was fair market value at the time of trial for such a lot under its present zoning status. In view of this evidence as it is preserved in the record, the contention of the City of Des Plaines that the plaintiff failed to meet his burden of proof by clear and convincing evidence that the zoning ordinance of the City of Des Plaines is confiscatory as to the subject lot is well taken.

■■ As to whether the plaintiff proved by a preponderance of the evidence that the proposed use for the property is reasonable, the record shows the City of Des Plaines presented an extensive study of the immediately surrounding area. This study indicated overall lot size and average frontage for each lot in the immediate area as an attempt by the City to show the plaintiff's proposed use was a substantial deviation from a typical building site in the area and, as such, would have an adverse effect on the public health, safety and welfare of the area. The plaintiff failed to overcome this evidence as presented by the City.

In *Trendel v. County of Cook* (1963), 27 Ill.2d 155, 161, the court said:

> "Our case law is replete with restatements of the rules that a zoning ordinance is clothed with a presumption of validity; that courts will not interfere with the discretion of the legislative

bodies charged with demarking the use of property, except where there is a clear abuse of discretion; and that the property owner challenging the ordinance has the burden of proof to establish that it bears no relationship to the public health, safety, morals or welfare."

■■■ Before a court will interfere with the discretion of the legislative body, such a party attempting to challenge a zoning code must necessarily overcome the presumption of validity by presenting evidence to show such classification is clearly an abuse of discretion by the legislative body. (*Reese v. Village of Mt. Prospect* (1966), 72 Ill.App.2d 418.) The plaintiff has not presented such evidence and, therefore, has not overcome the presumption of validity of the zoning ordinance of the City of Des Plaines.

For the aforementioned reasons based on the sufficiency of the evidence which the plaintiff presented to the trial court, we reverse the judgment of the trial court which holds the zoning ordinance of the City of Des Plaines is unconstitutional as applied to the plaintiff's lot. Furthermore, we find it unnecessary to reach a decision as to any other issues presented for review by the City of Des Plaines.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is reversed.

Reversed.

ADESKO, J., concurs.

Mr. PRESIDING JUSTICE BURMAN dissenting:

I would affirm the decision of the trial court. In my opinion the plaintiff established by clear and convincing evidence that the ordinance in question is unconstitutional as applied to his property. Under the present zoning scheme there is no lawful use to which the vacant lot may be put. This is tantamount to a forfeiture of the land and, in effect, transfers it to public use without compensation.

To begin with, I believe that the majority is mistaken in implying that the plaintiff is in a position different from that of other types of property owners because he purchased the subject property at a tax sale and could have discovered the zoning restriction in advance had he chosen to. At this point in the development of our law it has become well established that one who purchases property in the face of a pre-existing zoning classification may attack the validity of the classification and reap the benefits of its removal. (*Chicago Title & Trust Co. v. Village of Wilmette* (1963), 27 Ill.2d 116, 188 N.E.2d 33; *People ex rel. Chicago Title & Trust Co. v. Reiter* (1962), 25 Ill.2d 41, 182 N.E.2d 680; *Wolfe v. Vil-*

*lage of Riverside* (1965), 60 Ill.App.2d 164, 208 N.E.2d 833.) Therefore I believe that the plaintiff is in the same position as any other property owner and should be viewed accordingly.

The record reflects that the plaintiff obtained the subject property by paying delinquent real estate taxes in the amount of $178.37. Subsequently he also paid a special assessment of $700. In so doing he provided the municipality with revenue which it otherwise would not have received and returned the property to the active tax base of the community. I believe that such a practice is to be encouraged rather than condemned.

Secondly, I disagree that the plaintiff did not satisfy the requirements set forth in *Mangel v. Village of Wilmette* (1969), 115 Ill.App.2d 383, 253 N.E.2d 9, and other decisions. As the majority correctly points out, a party challenging a zoning ordinance must establish by clear and convincing evidence that the ordinance is confiscatory as applied to his property and thereafter prove by a preponderance of the evidence that his proposed use is reasonable. In the present case the plaintiff met this burden.

The plaintiff's evidence clearly established that the subject property has dimensions of 25 feet by 126.1 feet and is vacant. It is situated between two larger parcels which are improved with single family dwellings. There has never been common ownership between the plaintiff's property and either of the two adjacent properties. These conditions prevailed in 1960 when the zoning ordinance presently under attack was enacted. Thus it is apparent that neither the plaintiff nor his predecessor in interest ever had the opportunity to consolidate the subject property with one of the adjoining lots and thereby produce a parcel of sufficient size to allow construction of a residence that would comply with the ordinance. The effect of the ordinance was virtually to insure that the land would remain vacant. In essence the lot became dedicated to public use without compensation to its owner.

The majority points out that the plaintiff's investment in the lot was approximately $900 and that he could have sold it to John Truss, one of the adjoining property owners for $1500. Therefore, the majority states, he could have realized a profit on his investment and thus failed to prove that the ordinance worked a confiscation of his property. In taking this approach I believe that the majority is mistaken for two reasons.

The trial court after hearing the testimony of Mr. Truss and observing him on the witness stand concluded that he had no intention of buying the property from the plaintiff. As the court observed, the ordinance had the effect of insuring that the lot would remain vacant, and Truss "could have all the use of [the] property, the light and air and what have you

1002

so long as it remained vacant." This is a reasonable conclusion supported by evidence in the record and it should not be overturned by this court.

Assuming arguendo that Truss would have been willing to purchase the property for $1500, the majority has taken an improper approach to determining the effect of the ordinance upon the plaintiff. It is of no consequence that the plaintiff may be able to sell the land for some $600 more than he paid for it. The test to be applied in such cases is whether the ordinance unreasonably diminishes the value of the plaintiff's property when compared to the gain accruing to the public. *La Salle National Bank v. County of Cook* (1963), 28 Ill.2d 497, 192 N.E.2d 909; *Midland Electric Coal Corp. v. County of Knox* (1953), 1 Ill.2d 200, 115 N.E.2d 275; *Wolfe v. Village of Riverside* (1965), 60 Ill.App.2d 164, 208 N.E.2d 833.

In the present case the record reveals that without the restrictions imposed by the ordinance the plaintiff's property would have a value of approximately $4000. Several real estate experts estimated its value as such, and this was the price at which David Wexler, a contractor, had agreed to purchase the lot if the plaintiff succeeded in obtaining a building permit. As restricted by the zoning ordinance the lot was worth little or nothing. Thus the effect of the ordinance was to diminish the value of the property to the plaintiff by approximately $4000.

Although the hardship imposed upon the plaintiff is substantial, the benefit accruing to the public from the operation of the ordinance upon the subject property will be slight. David Wexler testified that it was his intention to construct a single family residence on the property providing a building permit could be obtained. In its final order the court authorized construction of a bi-level residence with dimensions of 20 by 49 feet. The record establishes that this structure would extend no further back into the lot than the residences on either side. Its side walls would be 2½ feet from each lot line, but would be 10½ feet and 12½ feet respectively from the side wall of each of the residences to the north and south. Thus the intervening side yards would be greater than the minimum of 10 feet (five feet from each lot line) allowed in the municipality.

It was established that nearly all of the lots in the vicinity of the plaintiff's property contain single family residences. These are built on frontages of varying widths and are of the general type which the court authorized to be constructed on the plaintiff's land. Therefore the use proposed by the plaintiff appears to be harmonious with the general character of the neighborhood and the corresponding benefit to the surrounding property owners of preventing it appears slight.

It may be that the other property owners deem it beneficial to maintain the plaintiff's property as open land. If this be the case it is they, not

the plaintiff, who should bear the cost. As stated in *Tews v. Woolhiser* (1933), 352 Ill. 212, 185 N.E. 827: "If it be of public benefit that property remain open and unused, then certainly the public, and not private individuals, should bear the cost of reasonable compensation for such property under the rules of law governing the condemnation of private property for public use. It lies not within the power of a municipality to so zone property as to render it worthless. Such is not zoning—it is confiscation." I believe that the plaintiff presented clear and convincing evidence that the ordinance is confiscatory as applied to his property and that his proposed use is reasonable. The gain or hardship to nearby property owners is minimal and presents no justification for confiscation of the involved land. In light of this evidence the decision of the trial court is proper and should be affirmed.