[Civ. No. 17192.   Second Dist., Div. One.   Nov. 3, 1949.]

DELVIN J. MITCHELL, Appellant, v. GILBERT MORRIS, as City Superintendent and General Manager of Department of Building, etc., Respondent.

A. K. Phelps for Appellant.

Ray L. Chesebro, City Attorney, Bourke Jones, Assistant City Attorney, and Alan G. Campbell, Deputy City Attorney, for Respondent.

WHITE, P. J.—Appellant herein sought a writ of mandate to compel respondent Superintendent of the Department of Building and Safety of the City of Los Angeles to issue a

building permit pursuant to an application therefor. Upon presentation of the petition to the superior court an alternative writ was denied, no hearing being had or evidence taken.

The allegations of the petition for a writ of mandate are that in December, 1948, plaintiff filed with the Department of Building and Safety plans and specifications and an application for a permit to build a dwelling house, and paid the fees required by law; that plaintiff amended the plans and specifications ''and caused them to fully comply with all lawful requirements of the Department of Building and Safety and with all lawful provisions of the Building Code of the City of Los Angeles.''

It was then alleged:

''That nevertheless the officials and employees of the Department of Building and Safety refused and continue to refuse to issue to plaintiff a building permit, stating and giving as the reason of such refusal that the lot upon which plaintiff proposes to construct the dwelling house, as shown upon the said plans and specifications, does not front upon a public street nor upon a private easement determined by the City Planning Commission of the City of Los Angeles to be adequate.

''That plaintiff thereafter requested the City Planning Commission to approve the private easement upon which plaintiff's proposed building lot fronts, but that said City Planning Commission wrongfully, arbitrarily, and capriciously has refused and continues to refuse to approve said private easement.

''That the ordinances of the City of Los Angeles purport to invest the City Planning Commission with the power to determine whether or not a private roadway easement is adequate; but that the ordinances of the City of Los Angeles wholly fail to set up any standards of any kind whatsoever upon which said determination of the City Planning Commission is to be based.

''That there is no lawful authority directing and empowering the officials and employees of the Department of Building and Safety to withhold and refuse the granting of a building permit upon the grounds specified in the rejection of plaintiff's application. That the action of the defendant and the various employees acting under his direction in refusing to grant the said building permit in accordance with plaintiff's application is wholly unreasonable, arbitrary, capricious and wrongful.''

Appellant in his brief states that this appeal is based ''upon the sole ground that the ordinance requiring that

private easements be approved by the City Planning Commission is unconstitutional.'' It is asserted that the legislative body, the city council, has attempted to delegate its lawmaking powers to the planning commission, in that it has left to the commission the determination of whether a private easement is ''adequate for purposes of access'' without establishing any standard by which the commission might determine, as a fact, whether such easement is adequate, and thus has attempted to vest in the commission the power to enact laws and determine policy.

The applicable ordinance was not brought here on this appeal, but we deduce from the statements in the briefs that under the building ordinances of the city, a dwelling house may be constructed only upon a ''lot''; that section 12.03 of the zoning ordinance defines a lot as ''A parcel of land occupied or to be occupied by a use, building or unit group of buildings and accessory buildings, together with such yard, open spaces, lot width and lot area as are required by this article, and having frontage upon a street (other than an alley) or a private easement *determined by the (Planning) Commission to be adequate for purposes of access.''* (Emphasis added.)

There can be no quarrel with the rule of law upon which appellant relies, that an attempted delegation of power to an administrative board, where no standards are established by which the board shall be governed in its actions is in effect an attempted delegation to such board of the power to enact a law. (*Dominguez Land Corp.* v. *Daugherty,* 196 Cal. 468, 484 [[238 P. 703] ; *Tarpey* v. *McClure,* 190 Cal. 593, 600 [213 P. 983].) Nor would there be any useful purpose served in attempting to distinguish cases cited by appellant, such as *In re Peppers,* 189 Cal. 682 [209 P. 896], where an act purported to empower the Director of Agriculture to prohibit the shipment of oranges '' 'frosted to the extent of endangering the reputation of the citrus industry' ''; or *Hewitt* v. *State Board of Medical Examiners,* 148 Cal. 590 [84 P. 39, 113 Am. St.Rep. 315, 7 Ann.Cas. 750, 3 L.R.A. N.S. 896], authorizing revocation of a physician's license for using '' 'grossly improbable statements' '' in advertising.

As pointed out by respondent, a more necessary regulation could hardly be imagined than one which forbids the erection and maintenance of a dwelling house in a modern city except where such dwelling has adequate and permanent access to a public street. A municipality is properly interested that every dwelling house within its limits may be reached by the fire

department, police department, and other agencies charged with the responsibility of protecting the public peace, safety and welfare. A municipality might properly prohibit entirely the erection of a dwelling upon property which had no access to a public street except through an easement upon land of another, or might impose conditions of resubdivision or public dedication of the means of access, which would be much more onerous than the requirement here that the private easement be ''adequate for purposes of access.''

We are in accord with the contention of respondent that the city council has by its ordinance set up as complete a standard as could be devised, having regard to the complexity of situations that could arise. Indeed, had the council set up more detailed standards, by specifying, for instance, the width, pavement, grade, drainage, length and other matters which would affect adequacy, as well as standards as to the creation and assured indefeasibility of such easements, the result might well be that the many otherwise meritorious applications would have to be rejected for failure to comply strictly with such standards. Further, in answer to the objection that no sufficient standard is provided, it can be suggested that the policy of the legislative body can be found in its enactments of a zoning plan, standards for public streets and alleys, and a host of other regulations.

Adopting the view, as we do, that the city council could lawfully have prescribed rigid standards for easements to serve as substitutes for streets, the authority granted the planning commission is analogous to its authority to grant variances from zoning regulations. A proper construction of the ordinance would appear to be that a dwelling house may not be built upon a lot which does not front upon a street, but that the planning commission may determine that the ordinance shall not operate when a private easement provides adequate access to the lot from a public street.

Concededly, discretion is vested in the planning commission, but it is not an uncontrolled and unguided discretion, even though it may call for the exercise of ''judgment of a high order.'' (*Tarpey* v. *McClure*, 190 Cal. 593, 600 [213 P. 983]; see also *Riley* v. *Chambers*, 181 Cal. 589, 595 [185 P. 855, 8 A.L.R. 418].) The legislative policy has been declared as definitely as is practicable. The commission is, in effect, empowered to grant what amounts to a ''variance'' in any case where it finds that a private easement is an adequate sub-

stitute for frontage on a street. The protection of appellant and others similarly aggrieved lies in the right to resort to the courts against arbitrary or discriminatory action by the commission.

So far as we can ascertain from the briefs on file herein, we are convinced that the discretionary powers vested in the city planning commission to ascertain the necessary facts to justify the granting of a permit under the ordinance is an exercise of quasi judicial, or perhaps administrative power, and does not amount to an exercise of legislative power. (*Wheeler* v. *Gregg*, 90 Cal.App.2d 348, 362 [203 P.2d 37]; *Nider* v. *Homan*, 32 Cal.App.2d 11, 15 [89 P.2d 136]; *Swars* v. *City of Vallejo*, 64 Cal.App.2d 858, 864 [149 P.2d 397]; *Wallace* v. *Board of Education*, 63 Cal.App.2d 611, 616 [147 P.2d 8]; *Irvine* v. *Citrus Pest District*, 62 Cal.App.2d 378, 385 [144 P.2d 857].)

As was said by this court in *Wheeler* v. *Gregg, supra,* at page 362 of 90 Cal.App.2d, ''The essential requirement of due process is met when the administrative body is required to determine the existence or nonexistence of the necessary facts before any decision is made. Such a discretion is not arbitrary or so unguided as to invalidate the statute or ordinance (*People* v. *Walton*, 70 Cal.App.2d Supp. 862, 870 [161 P.2d 498].)

''As was said by the Supreme Court in *Gaylord* v. *City of Pasadena*, 175 Cal. 433, 436 [166 P. 348]:

'' 'Even a casual observer of governmental growth and development must have observed the ever-increasing multiplicity and complexity of administrative affairs—national, state, and municipal—and even the occasional reader of the law must have perceived that from necessity, if for no better grounded reason, it has become increasingly imperative that many *quasi*-legislative and *quasi*-judicial functions, which in similar communities and under more primitive conditions were performed directly by the legislative or judicial branches of the government, are intrusted to departments, boards, commissions and agents. No sound objection can longer be successfully advanced to this growing method of transacting public business. These things must be done in this way or they cannot be done at all, and their doing, in a very real sense, makes for the safety of the republic, and is thus sanctioned by the highest law. For, as the supreme court of the United States declares: ''Indeed, it is not too much to say that a denial to Congress of the right, under the Constitution, to delegate the power to determine some fact or the state of

things upon which the enforcement of its enactment depends, would be 'to stop the wheels of government' and bring about confusion, if not paralysis, in the conduct of the public business'' (*Union Bridge Co.* v. *United States,* 204 U.S. 364 [51 L.Ed. 523, 27 Sup.Ct.Rep. 367].)' See, also, *Dierssen* v. *Civil Service Commission,* 43 Cal.App.2d 53, 59 [110 P.2d 513], and *Carter* v. *Stevens,* 211 Cal. 281, 289 [295 P. 28].''

Appellant here makes no charge that the commission abused its discretion, or that its action was arbitrary or discriminatory, in refusing to approve his easement. In fact, there is no allegation as to what sort of easement appellant has, and the members of the commission are not joined as defendants. Appellant's proper remedy would be to allege and prove facts concerning the nature of his easement which will support a finding that the action of the commission was, as to him, arbitrary, discriminatory, and an abuse of discretion.

The judgment or order appealed from is affirmed.

Drapeau, J., concurred.

Doran, J., concurred in the judgment.