D. JESSE COSTA & others *vs.* BOARD OF APPEALS OF WATERTOWN & others.

Middlesex.    January 6, 1960. — February 8, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Zoning.    Motel.*

A zoning by-law of a town permitting lodging houses in general residence districts and containing the definition "Hotel or lodging house: A building designed or used for paying guests, permanently or transiently, where more than three bedrooms are used for such purposes," but not otherwise referring to hotels and not mentioning motels, did not authorize erection of a motel in a general residence district.

BILL IN EQUITY, filed in the Superior Court on May 27, 1959.

The suit was heard by *Hudson*, J.

*Thomas C. Menton*, for the defendants.

*William Goldberg*, for the plaintiffs.

WHITTEMORE, J.    The board of appeals under the zoning by-law of Watertown has appealed from the final decree in

the Superior Court which annulled the issuance of a permit to James P. Duffy to build a motel in a general residence district.

The zoning by-law divides the town into five districts: single residence, 1A and 1B; general residence; apartments; business; industrial. The uses permitted in general residence districts are those permitted in single residence districts, which do not include hotels, motels or lodging houses, and additionally "Two-family dwellings and lodging houses." The by-law includes this definition: "Hotel or lodging house: A building designed or used for paying guests, permanently or transiently, where more than three bedrooms are used for such purposes." The by-law does not otherwise refer to hotel and makes no mention of motel.

Nothing in the by-laws shows an intent to allow a motel in residence districts. Hotels, motels and lodging houses are sufficiently differentiated to be differently classifiable for zoning purposes. See *Burnham* v. *Board of Appeals of Gloucester,* 333 Mass. 114; St. 1954, c. 134, § 1, amending G. L. c. 140, § 27; *Von Der Heide* v. *Zoning Bd. of Appeals of Somers, Westchester County,* 204 Misc. (N. Y.) 746, 748–749; *Longo Liquor License Case,* 183 Pa. Super. Ct. 504. We need not decide whether the common definition of the by-law is sufficient to establish that hotels are allowed in general residence districts although only lodging houses are specified, or whether a motel may in some circumstances be deemed a hotel. See *Maturi* v. *Balint,* 204 Misc. (N. Y.) 1011. We discern no implication of authorization of motels in the authorization of lodging houses and the entry must be

*Decree affirmed.*