Sullivan,
No. 5113.

EARL SPICER *& a. v.* CLAREMONT *& a.*

Argued March 5, 1963.

Decided March 29, 1963.

*Shulins & Duncan* (*Mr. Richard C. Duncan* orally), for the plaintiffs.

*Sulloway, Hollis, Godfrey & Soden* and *Joseph S. Ransmeier* (*Mr. Ransmeier* orally), for the defendants Charles Hardy and Barbara Hardy.

KENISON, C. J. Although three questions have been transferred without ruling to this court, counsel have treated the second question as the "primary and main issue in this case." In other words the question is whether, under the zoning ordinance of the city of Claremont, the term "motel" is synonymous with the term "hotel" and is subject to the same limitations as imposed on hotels as defined in article 1, section 1 of ordinance 27 as amended. This ordinance defines a hotel as "A building in which twenty rooms or more are available for hire and incidental hotel services are provided." We conclude that the answer to this question is "no" for the reasons hereinafter stated.

The plaintiffs argue that motels are a modern development of hotels, have many similarities thereto and have been classed as synonymous in certain zoning cases. *Maturi* v. *Balint* (Supr. Ct.) 130 N.Y.S. 2d 122; *Schermer* v. *Fremar Corp.*, 36 N. J. Super. 46; *Purdy* v. *Moise*, 223 S. C. 298. Additionally it is pointed out that hotels and motels have been classified together for purposes other than zoning. *Weiser* v. *Albuquerque Oil & Gasoline Co.*, 64 N. M. 137; *Davis* v. *State* (Fla.), 87 So. (2d) 416; *Parrish* v. *Newbury* (Ky. App.), 279 S. W. (2d) 229. On the other hand the defendants rely on cases which have reached a contrary conclusion or have emphasized the differences between motels and hotels. *Von der Heide* v. *Zoning Board* (N. Y.), 282 App. Div. 1076; *Hotel Syracuse* v. *Motel Syracuse*, 283 App. Div. 182, *aff'd* 309 N. Y. 831; see *Costa* v. *Board of Appeals of Watertown*, 340 Mass. 380, 381. In each case, however, the court seeks to ascertain the meaning and intent of the specific municipal zoning ordinance or the governing legislative act (*Manchester* v. *Webster*, 100 N. H. 409, 411) which frequently carries more weight than generalized statements from conflicting cases. Annot. 22 A.L.R. 2d 774; *Pierro* v. *Baxendale*, 20 N. J. 17; Haar, Land-Use Planning 192 (1959).

In the present case the zoning ordinance of the city of Claremont has placed a restrictive definition and a limitation on what constitutes a hotel by requiring a minimum of twenty rooms. It has not defined motels, restrictively or otherwise, but has indicated an intention to treat motels as distinct from hotels. *Cf. Johnson* v. *Shaw*, 101 N. H. 182, 188. The following stipulation in the reserved case is significant: "10. The Claremont ordinance has not previously been construed to impose a twenty-room minimum size requirement upon motels, but on the other hand, the only motels for which permits have been issued under the ordinance have been upon the basis of permits for less than twenty rooms and such permits have been issued without variance proceedings." While the administrative construction of the ordinance by the zoning authorities is neither conclusive nor binding on this court in its construction of the ordinance, it is entitled to consideration. *Manchester* v. *Webster*, 100 N. H. 409, 411; 1 Yokley, Zoning Law & Practice, s. 184 (1962 supp.). The cases which have held motels and hotels to be synonymous are generally those in which motels are not mentioned in the zoning ordinance. This is not true of the zoning ordinance involved in this litigation. In this state motels have been separately classified for various purposes. RSA 353:4 I (supp); Laws 1959, c. 67. There is no legislation which prohibits such separate classification for the purpose of zoning. 6 Powell, Real Property, s. 872, *p.* 137 (1958).

While motels may also be subject to the same limitations as hotels for zoning purposes, in this case, however, the limitations with respect to hotels contained in article 1, section 1 of the Claremont zoning ordinance were not made applicable to motels. The permit for a motel issued to the defendants under the zoning ordinance of the city of Claremont was proper and is not subject to the limitations imposed on hotels for a minimum of twenty rooms. See 8 McQuillin, Municipal Corporations (3d *ed.* rev. 1957), s. 25.128; 1 Rathkopf, The Law of Zoning & Planning, ch. 17 (1960); 2 Metzenbaum, Law of Zoning, *p.* 1611 (1963 supp.).

*Appeal dismissed.*

All concurred.