FREDERICK T. IDDINGS, JR. *vs.* BOARD OF APPEALS OF MANSFIELD. February 4, 1970. Mr. Iddings owns two vacant lots (each containing over 16,000 square feet) on James Street, an unimproved, private, gravel way, on the average fifteen feet wide. The board of appeals sustained the building inspector's denial of permits for a building on each lot because the zoning by-law required residences thereafter erected to be on a lot "which fronts on an accepted street or upon a public way" of a width approved by the selectmen and the planning board. "Street" is defined as a public thoroughfare thirty feet or more wide. In this "largely built up" area, four houses on James Street are on lots with frontage on other streets. Three other James Street houses, fifty or more years old, are on lots with no other street frontage. A Superior

Court judge ruled that the by-law provisions, as applied to the two lots, have no relation to the public safety, health, or welfare and will render the "land of no economic value" without "a taking and widening of James Street." The reported evidence does not justify the final decree directing that permits be issued. The two lots formerly were part of a lot with frontage on Spring Street. By subdivision in 1964, the land on Spring Street was sold leaving two rear lots with no access to that street. James Street long has been used by the public generally but testimony indicated that in winter it is difficult to pass through it. The sale of the Spring Street lot (without reserving either enough land to widen James Street between the lots and Spring Street or direct access to that street) created the zoning violation. Other land on James Street is susceptible of subdivision although that may be unlikely. It does not appear what uses of the two lots are now possible under the by-law. Unreasonable application of the by-law has not been shown. Compare *Jenckes* v. *Building Commr. of Brookline*, 341 Mass. 162 (where part of a subdivided lot had frontage on a road at least paved to a width of nineteen feet except near one driveway). The final decree is reversed and a decree is to be entered stating that the decision of the board did not exceed its authority and that no modification of its decision is required.

*So ordered.*

*Robert K. Cunningham*, Town Counsel, for the defendant.
*Robert I. Kalis* for the plaintiff.