Rockingham
No. 7224

MARTIN G. BATTCOCK & *a.*

v.

TOWN OF RYE & *a.*

March 31, 1976

*Casassa, Mulherrin & Ryan (Mr. John J. Ryan* orally) for the plaintiffs.

*Taylor & Gray* and *Mr. William J. Hurley (Mr. Hurley* orally) for the defendants.

GRIFFITH, J.   This is an appeal from the decision of the town of Rye building inspector and Board of Adjustment denying the plaintiffs a building permit. The Trial Court *(Cann,* J.) ruled upon an agreed statement of facts that the plaintiffs were entitled to a building permit under the provisions of section 13-B of the Rye zoning ordinance as a matter of law. To this order, the defendants seasonably objected, and all questions of law raised thereby were reserved and transferred.

The plaintiffs are the owners of two lots with continuous frontage located in a subdivision in Rye, New Hampshire. Although the subject lots do not meet the minimum area requirement of the zoning ordinance, the plaintiffs take the position that they are nonetheless entitled to a building permit under the so-called "grandfather clause" of the ordinance, section 13-B. This provision in effect allows the owner of an undersized lot the right to commence construction thereon if his is a "lot in a subdivision, the plan of which is lawfully recorded in the Rockingham County Registry of Deeds at the time [the] ordinance takes effect." The parties are agreed that the subdivision in which the plaintiffs' lots are located is so recorded.

The defendants dispute the trial court's finding that the above-quoted language compels a favorable disposition of the plaintiffs' claim, arguing that the definition of "lot" given in section 2 of the zoning ordinance must be applied to the term as used in section 13-B. The section 2 definition provides that a "lot" is a parcel of land "having its principal frontage upon a *street*" (Emphasis added.)

"Street" is in relevant part defined in the same section as "an officially approved private road of not less than forty feet in width . . . ." The defendants contend that inasmuch as the property in issue fronts on a road which is only thirty feet in width, it cannot be characterized as a "lot" so as to fall within the coverage of section 13-B.

The first issue raised by this appeal is whether the trial court should be upheld in its ruling that plaintiffs are entitled to a building permit as a matter of law. Since we hold herein that the trial court did rule correctly, we need not reach the second issue, whether the plaintiffs are entitled to a variance.

In seeking to impose the definitions in section 2 on the language of section 13-B, the defendants misread the ordinance. Section 2 specifies that the definitions provided therein are to be applied throughout the ordinance *"unless otherwise expressly stated."* (Emphasis added.) Section 13-B does so expressly state, for it provides that dwellings may be erected on nonconforming lots of record *"notwithstanding limitations imposed by other provisions of this ordinance,"* as long as various other requirements found in the regulations have been met. (Emphasis added.) Since the agreed statement of facts indicates that all such requirements have been satisfied, section 13-B entitles the plaintiffs to a building permit.

In any case, the term used in section 13-B is not simply "lot" but rather "lot of record." The ordinance does not define "lot of record" in section 2. However, a reasonable reading of section 13-B itself shows the term to be used in its preordinance sense to refer to all properties designated as "lots" on subdivision plans recorded in the Rockingham County Registry of Deeds prior to the time the zoning ordinance took effect. To interpret the term otherwise would be contrary to the plain meaning and intent of section 13-B, for such a construction would render that section meaningless and defeat the "grandfather" provisions which seek specifically to except nonconforming lots of record in existing subdivisions. The evident intention of the promulgating authority as revealed by the ordinance itself cannot be defeated by giving a single word an unnecessary meaning. *North Hampton &c. Ass'n v. Commission,* 94 N.H. 156, 158, 48 A.2d 472, 474 (1946). *See also Hackett v. Gale,* 104 N.H. 90, 92, 179 A.2d 451, 453 (1962).

Defendants' argument that the issuance of a building permit to the plaintiff is further prohibited by section 3.7 of the building code is without merit, for that section deals with "new streets," not roadways shown on a plot plan recorded in the registry of deeds

prior to the adoption of the zoning ordinance. Section 13-B of the ordinance specifically exempts roads of the latter description.

Similarly, RSA 36:26 is not a bar, for that section provides that building permits may be issued where the street giving access to the lot on which the building is proposed to be placed "corresponds in its location and lines with a street shown on the official map or with a street on a subdivision plat approved by the planning board . . . ." The enactment of section 13-B by the town must be interpreted as the town's grant of approval to all subdivisions preexisting the ordinance, for otherwise section 13-B would be robbed of much of the meaning it was clearly intended to have. The use of the word "street" in RSA 36:26 poses no problem in terms of the width of the right-of-way in question, for the word is defined for purposes of that statute by RSA 36:1 VII to include all ways, regardless of their dimensions.

Accordingly, the ruling of the superior court is upheld.

*Exceptions overruled.*

All concurred.