Hillsborough
No. 7278·

RENE W. TREMBLAY

v.

TOWN OF HUDSON

March 31, 1976

*Prolman & Holland (Mr. Francis G. Holland* orally) for the plaintiff.

*Sullivan, Gregg & Horton* and *Francis L. Cramer (Mr. Cramer* orally) for the defendant.

LAMPRON, J.  Appeal to the superior court from a denial by the Hudson Zoning Board of Adjustment of plaintiff's amended application for variances and other relief. By its terms the application sought the following: (1) a variance from the 35-foot height limitation of article I, section 5 (a) of the ordinance to permit the erection of a drive-in theater screen 47 feet high; (2) a determination that article III, section 1 (d) 16 entitled "Amusement and recreation services" permitted the erection and operation of an outdoor drive-in theater; and (3) a variance from that section of the ordinance to permit the erection and operation of a drive-

in theater on a 5½-acre lot on Route 111 on which plaintiff holds an option to purchase. The application was denied on October 4, 1973. Plaintiff duly filed a motion for rehearing under RSA 31:74 (Supp. 1975) and filed a supplement thereto on January 23, 1974. The board of adjustment denied the rehearing on January 24 and plaintiff appealed to the superior court under RSA 31:77.

The Trial Court *(Bois,* J.) heard some testimony and the parties made certain stipulations on the record and agreed that the following three questions be transferred to this court, which the trial court reserved and transferred without ruling. They are: "1. On the record was the issue of the 'permitted' nature of the plaintiff's proposed construction and land use properly before the Zoning Board of Adjustment. 2. On the record was the issue of the 'permitted' nature of the plaintiff's proposed construction and land use properly preserved and ripe for appeal to the Superior Court. 3. If the first two questions are answered in the affirmative, is the plaintiff's proposed construction and land use permitted under the ordinance."

It appears from the record, the briefs, and the arguments that the main purpose of this transfer is to obtain a determination by this court as to whether or not article III, section 1 (d) 16 of the Hudson zoning ordinance permits the erection and operation of a drive-in theater. We do not recommend the procedures followed in this case as models for raising an issue of law as to the meaning of certain terms in an ordinance. However, we are of the opinion that plaintiff, after having been refused a permit by the building inspector to build a drive-in theater because it was not permitted under the ordinance, did raise the issue of the legal meaning of article III, section 1 (d) in its application for appeal to the board of adjustment.

We have held that where the issue does not involve the proper exercise of administrative discretion, but rather whether the ordinance is valid, a court will usually resolve the matter regardless of the administrative posture. *Londonderry v. Faucher,* 112 N.H. 454, 456, 299 A.2d 581, 582 (1972). This is also true where, as in this case, the issue is a question of law as to the meaning of certain terms in a zoning ordinance. *Metzger v. Brentwood,* 115 N.H. 287, 291, 343 A.2d 24, 27 (1975); K. Davis, Administrative Law Text § 20.09 (3d ed. 1972); L. Jaffe, Judicial Control of Administrative Action 433-36 (1965). Consequently it is unnecessary to decide whether the plaintiff has properly exhausted his administrative remedies. However, administrative remedies must be exhausted

when the proper exercise of administrative discretion is involved. 2 Am. Jur. 2d *Administrative Law* § 595 (1962).

Under the circumstances of this case we hold that the "permitted" nature of plaintiff's proposed construction was not only properly before the zoning board of adjustment but was ripe for decision by the superior court and by this court on transfer therefrom. *See* L. Jaffe, *supra* at 395-97. This is particularly true where the parties have argued their positions on the legal issue involved. Our answer to transferred questions "1" and "2" is "Yes."

The Hudson zoning ordinance does not mention drive-in theaters. Where no provision is made for their use by express reference to them, the right to establish a drive-in may be inferred from language in the ordinance such as "other similar uses" or "recreational uses not provided for elsewhere". 2 R. Anderson, American Law of Zoning § 11.15 (1968). Plaintiff argues that such an inference can be drawn from article III, section 1 (d) 16 which permits land in a rural district, where plaintiff's land is located, to be used for "Amusement and recreation services." Defendant points out that the above provision is immediately preceded by section 1 (d) 15 which permits "Motion picture establishment, Indoor" as a use in that district. The answer to transferred question "3", whether the plaintiff's proposed construction and land use as a drive-in theater is permitted by the ordinance, lies in what the enacting body intended by these provisions.

The Hudson zoning ordinance, first adopted in 1942, was amended at various times and as recently as March 6, 1973. We take judicial notice that drive-in theaters were in existence at the latter date and had been in existence for quite a period before then. We also note that drive-in theaters were the subject of controversy in certain areas. Hence, it is difficult to assume that the subject of drive-in theaters was not brought to the mind of those proposing and adopting amendments when article III, section 1 (d) 15 was considered. It permits: "Motion picture establishment, Indoor". It is evident that drive-in theaters were not specifically included as a permitted use under this section as they could easily have been by adding "Outdoor" or "Drive In." Whether this omission resulted, as contended by the defendant, because article 1, section 5 (a) limits structures in a rural district to a height of 35 feet which makes it unpractical for a drive-in movie screen, thus intending to make a drive-in theater a subject for variance, we are not in a position to know or comment.

We find it difficult, however, to conclude that the ordinance

was intended to make a drive-in theater a permitted use under section 1 (d) 16 which immediately follows section 1 (d) 15 and bears the general heading "Amusement and recreation services". It is true, as contended by the plaintiff, that such a phrase could be interpreted to permit a whole range of activities in the amusement and recreational field, probably including a drive-in theater. But in the context of these two sections and of the whole ordinance, we hold that to interpret section 1 (d) 16 as authorizing drive-in theaters would be giving the words in these sections a meaning which was not intended by their framers. *See State v. Richardson,* 92 N.H. 178, 181, 27 A.2d 94, 97 (1942).

Our answer to transferred question "3" is "No" the plaintiff's proposed construction and land use for a drive-in theater is not a permitted use under the Hudson zoning ordinance.

*Remanded.*

All concurred.