Grafton
No. 7539

### Robert L. Trottier

### v.

### City of Lebanon and
### Lebanon Zoning Board of Adjustment

February 28, 1977

*Gardner & Clauson,* of Hanover (*Mr. K. William Clauson* orally)
for the plaintiff.

*Decato & Cirone,* of Lebanon (*Mr. R. Peter Decato* orally) for the defendant.

BOIS, J.   In 1974, plaintiff Robert Trottier purchased at auction a five-acre lot situated in the city of Lebanon in an area zoned for "Residential and Farming" uses. The lot fronts for 250 feet on "Old King's Highway," an unmaintained public road referred to on a subdivision plan as a "right-of-way unknown." After the purchase, plaintiff unsuccessfully sought a residential building permit from the building inspector. The zoning board of adjustment upheld the decision denying a permit and denied a request for a variance. The city zoning ordinance requires 250 feet of frontage "along the nearest street," and the board reasoned that Old King's Highway was not a "street" within the meaning of the ordinance. On appeal to the Superior Court (*Johnson,* J.), the decision was affirmed. Plaintiff's exceptions have been reserved and transferred.

The evidence shows that plaintiff's lot is part of a proposed subdivision in an area known as Slayton Hill. The trial court found on conflicting evidence that the subdivision had been approved only on the condition that the developer, one Dr. Myric Wood, or the lot owners would bring Old King's Highway, the only access route to several of the lots including plaintiff's, up to city standards. There is no dispute that Old King's Highway, in its present condition, provides only the most limited type of access. The road is little more than a path, characterized by narrow width and a rough surface grade. During much of the year, the way is rendered virtually impassable by either mud or snow. When it is passable, a four-wheel drive vehicle is advisable for the journey. The chief of the city fire department testified that it would be "totally impossible" for motorized fire equipment to travel the road in its present condition. The parties agree that Old King's Highway is a Class VI highway, defined in relevant part as "highways which have not been maintained and repaired by the town in suitable condition for travel thereon for five successive years or more." RSA 230:4 VI.

The zoning board of adjustment held that "street" as used in the relevant portion of its zoning ordinance meant a Class V highway or better as defined in the statute; *i.e.,* that "street" should not encompass roads unsuitable for travel. The board also looked to the subdivision regulations for aid in interpreting the zoning ordinance. While the regulations give varying meanings to the word

"street" in varying contexts, they require that streets in a future subdivision shall meet minimum standards before becoming part of the official map. The board thus reasoned that "street" should mean ways accepted by the city as defined in the subdivision regulations.

Relying on less restrictive meanings given to "street" in other parts of the zoning ordinance and subdivision regulations and in the general case and statutory law of New Hampshire and other jurisdictions, plaintiff contends that the board's interpretation is erroneous.

The construction of the terms of a zoning ordinance is a question of law. *Tremblay v. Hudson*, 116 N.H. 178, 355 A.2d 431 (1976); *Metzger v. Brentwood*, 115 N.H. 287, 343 A.2d 24 (1975). The proper inquiry is the ascertainment of the intent of the enacting body. *Tremblay v. Hudson supra; Spicer v. Claremont*, 104 N.H. 461, 189 A.2d 496 (1963). Where the ordinance defines the term in issue, that definition will govern. *Battcock v. Rye*, 116 N.H. 167, 355 A.2d 418 (1976). Where, as here, no definition is provided in the ordinance itself, we must look to the ordinance as a whole and attempt to discern the meaning intended by the framers. *Tremblay v. Hudson supra*. The administrative construction of the ordinance by the zoning authorities is neither conclusive nor binding, but is entitled to consideration. *Spicer v. Claremont supra.*

The defendant zoning board's interpretation of "street" operates to exclude ways unsuited to expeditious travel. It is true, as plaintiff contends, that in many contexts the word "street" has been given a more expansive construction than that adopted by the board. However, the focus of our inquiry must be whether the board's definition of "street" is proper in light of the evident purpose of the zoning restriction of which the term is a part. *See Dole v. New York*, 44 N.Y.S.2d 250 (Sup. Ct. 1943).

The ordinance here requires frontage on a "street." The evident purpose of such a requirement is to insure that a dwelling "may be reached by the fire department, police department, and other agencies charged with the responsibility of protecting the public peace, safety and welfare." *Mitchell v. Morris*, 94 Cal. App. 2d 446, 448–49, 210 P.2d 857, 859 (1949); *see Restivo v. Princeton Constr. Co.*, 223 Md. 516, 165 A.2d 766 (1960); *Brous v. Smith*, 304 N.Y. 164, 106 N.E.2d 503 (1952). It follows that this purpose is defeated if the purported access route is not suitable for travel.

*See Iddings v. Board of Appeals,* 356 Mass. 742, 255 N.E.2d 604 (1970); *Restivo v. Princeton Constr. Co. supra; Brous v. Smith supra; Mitchell v. Morris supra; cf. Siegemund v. Building Comm'r,* 259 Mass. 329, 156 N.E. 852 (1927). The Lebanon Zoning Board has construed its ordinance so as to exclude from the meaning of "street" purported access routes unsuited for expeditious travel. The construction effectuates the evident purpose of the zoning ordinance and cannot be said to be erroneous. *See Metzger v. Brentwood,* 115 N.H. 287, 343 A.2d 24 (1975).

■ Plaintiff, in the alternative, argues that the construction of the ordinance by the board constitutes a taking of his property. The ordinance is not confiscatory if it has a reasonable tendency to promote the public welfare and gives due regard, under all the facts and circumstances, to plaintiff's property rights. 8 E. McQuillin, Municipal Corporations § 25.43, at 98 (3d ed. 1976).

The facts show that prior to his purchase plaintiff made no inquiry as to the status of Old King's Highway and the zoning problems posed by a deficient access route. Further, the purchase price of the property ($3,500) was significantly below the former asking price, and it may be said that the low purchase price reflected at least in part the existing zoning restrictions. *See 1 R.* Anderson, American Law of Zoning § 2.30, at 123 (1968). It is undoubtedly true that plaintiff's land cannot be used for residential purposes without the expenditure of substantial additional sums to improve the Old King's Highway. Yet it is also true, as the trial court properly found, that plaintiff carelessly "purchased" this problem.

■■ For the reasons stated previously, it is evident that the zoning ordinance here serves to promote the public welfare. Further, we cannot agree with the plaintiff's contention that there has been inadequate regard for his property rights. "[T]he hardship to a property owner justifying invalidation of a zoning ordinance as it affects his premises is not a hardship which he has himself assumed or induced." 8 E. McQuillin, Municipal Corporations § 25.44, at 103 (3d ed. 1976). " 'A person is charged with knowledge of the zoning restrictions placed on his property . . . .' " *Hermer v. Dover,* 106 N.H. 534, 536, 215 A.2d 693, 694 (1965). Under all the circumstances, it cannot be said that plaintiff has been the victim of confiscatory zoning. *See State v. Russell,* 162 Ohio St. 281, 123 N.E.2d 261 (1954); *Grobman v. Des Plaines,* 14 Ill. App. 3d 996,

303 N.E.2d 821 (1973), *aff'd* 59 Ill. 2d 588, 322 N.E.2d 443 (1975); *cf. Metzger v. Brentwood,* 115 N.H. 287, 343 A.2d 24 (1975).

*Exception overruled.*

All concurred.