Personnel Commission
No. 7533

RICHARD J. DUMAIS

v.

THE STATE OF NEW HAMPSHIRE
PERSONNEL COMISSION

May 9, 1978

*Sweeney & Sweeney*, of Nashua (*George D. Corey* orally), for the plaintiff.

*David H. Souter*, attorney general (*Steven J. McAuliffe*, attorney, orally), for the State Personnel Commission.

PER CURIAM. This is an appeal pursuant to RSA ch. 541 from a decision of the New Hampshire Personnel Commission [hereinafter the commission] upholding the State liquor commission's discharge of plaintiff from his position as assistant retail store manager II. Plaintiff also appeals the denial of his motion for rehearing.

By a letter dated January 28, 1976, the State liquor commission apprised the plaintiff of his discharge from State employment, effective at noon, January 29, 1976. The liquor commission charged plaintiff with the following infractions of the personnel rules and the State liquor store operational manual: permitted break periods longer than fifteen minutes; left the safe open with money inside; allowed the use of liquor from broken bottles; and took excessively long supper breaks.

Plaintiff filed a timely appeal with the commission, RSA 98:15, and the attorney general's office served plaintiff with a specification of the charges upon which his discharge was based. The attorney general's office notified him that he was charged with: leaving the store safe open for an entire evening even though a large quantity of cash was inside; keeping a large quantity of cash in the top drawer of a file cabinet; permitting employees to make change from the open safe; placing and transporting bank deposits in his own automobile and advising a fellow employee to do the same; and allowing employees to remove the contents of damaged bottles from the store.

The commission held a public hearing on these charges on April 23, 1976. At this hearing plaintiff admitted that he placed cash in unlocked file drawers, that he left the office safe open, and that he allowed store cashiers to make change from the office safe and deposit funds into it. Plaintiff advanced several reasons for these departures from the rules prohibiting such action. He denied placing night deposits in his own car trunk, but admitted that he might have counseled an employee to do so. No evidence was introduced to substantiate the initial allegations of the liquor commission regarding excessive supper breaks, condonation of excessive work breaks by subordinates, or actual use of liquor from broken bottles. A private investigator did testify that he observed an employee pouring a half gallon of whiskey into a wine bottle and that this bottle was later placed in a bag and carried out of the store. He also testified that this occurrence caused some comment and conversation and that this conversation reflected that the plaintiff had often allowed the removal of contents of damaged bottles.

The commission affirmed plaintiff's discharge in a letter to plaintiff's counsel dated May 10, 1976. The commission found "that the charges against Mr. Dumais were substantiated. Accordingly, the commission has voted to uphold the decision of the liquor commission in the discharge of Mr. Dumais." *See Foote v. State Personnel Comm'n,* 116 N.H. 145, 148, 355 A.2d 412, 414 (1976) (court

needs findings of basic fact to effectuate its review over personnel commission decisions).

On May 28, 1976, plaintiff requested a rehearing before the commission on the basis of newly discovered evidence, on the ground that the deputy director of the commission allegedly made a comment that indicated to the plaintiff that the commission may have upheld his dismissal for irrelevant reasons, and on the ground that the commission may have received evidence during the course of another hearing that might have been used improperly in this proceeding. The commission denied plaintiff's motion for rehearing on June 7, 1976.

The plaintiff raises four claims on this appeal: that the commission failed to make findings of fact adequate to insure effective review; that the commission erred in denying his motion for rehearing; that uncorroborated hearsay evidence was the basis for the comission's action; and that the plaintiff's discharge was a sanction which was unreasonable as a matter of law. Only the second claim concerns matters set forth in plaintiff's motion for rehearing, and the commission argues that no consideration should be given to those claims not set forth in his motion for rehearing. RSA 541:4 provides in pertinent part: "No appeal from any order or decision of the commission shall be taken unless the appellant shall have made application for rehearing as herein provided and when such application shall have been made, no ground not set forth therein shall be urged, relied on, or given any consideration by the court unless the court for good cause shown shall allow the appellant to specify additional grounds." *Cf. Harkeem v. Adams*, 117 N.H. 687, 377 A.2d 617 (1977).

■■ We agree with the commission that our review is limited to the claims raised by the plaintiff in his motion for rehearing. RSA 541:4; *Boston & Maine R.R. v. State*, 77 N.H. 437, 443, 93 A. 306, 309 (1915). Because plaintiff did not file a motion with this court setting forth the other claims and the facts relied upon to constitute good cause, any action on our part on these claims is premature. *Cf. Tremblay v. Hudson*, 116 N.H. 178, 180, 355 A.2d 431, 432 (1976); *Londonderry v. Faucher*, 112 N.H. 454, 455–56, 299 A.2d 581, 582 (1972). We are of the opinion, however, that the commission erred in denying plaintiff a rehearing. The purpose of a rehearing "is to direct 'attention to matters said to have been overlooked or mistakenly conceived in the original decision, and thus invites reconsideration upon the record upon which that decision rested.' " *Lambert Constr. Co. v. State*, 115 N.H. 516, 519, 345 A.2d 396, 398

(1975). RSA 541:3 provides that the commission "may grant such rehearing if in its opinion good reason therefor is stated in said motion."

Plaintiff asserted in this motion that "new evidence has come to light, which evidence it is believed by the Petitioner would, construing it favorably to the Petitioner, give grounds for the Personnel Commission to overturn the termination of his employment. . . . [and that this] written summary report was filed with the Commission which it is believed contains information relative to the Petitioner and which information should be presented by the Petitioner in the light most favorable to him to the Personnel Commission; this information was not available to the Petitioner at the time of his hearing and was only made public some two to three weeks later. . . ."

This report contains opinion evidence of a private investigation conducted for the liquor commission that is generally favorable to plaintiff, and he proposes to use the report to challenge the validity of the sanction that was imposed. He argues that this report is so favorable to him as compared to the manager and other personnel, who were demoted rather than discharged, as to demonstrate the unreasonableness of the sanction imposed on him. Based upon our reading of the transcript and the summary report referred to in plaintiff's motion, we are of the opinion that the commission could not have properly found that no good cause was shown by plaintiff's motion. *See O'Loughlin v. State Personnel Commission*, 117 N.H. 999, 380 A.2d 1094 (1977).

*Remanded.*