Rescript Opinions.

THOMAS J. MONAGHAN & another *vs.* TOWN OF NORTH READING. May 29, 1979. This appeal is from a judgment dismissing the plaintiffs' action under G. L. c. 240, § 14A, pursuant to a decision of the Land Court which upheld the validity of certain provisions of the zoning by-law of the defendant town of North Reading as applied to the plaintiffs' land.

The plaintiffs were twice denied a building permit by the board of appeals of the town and, in 1974, in a prior proceeding, a District Court affirmed the action of the board which construed the town by-law to prohibit the building of a residence upon a lot fronting upon a way having less than a twenty-one foot right-of-way width. The plaintiffs claim in this action that the application of the by-law to their land so as to preclude construction of a residence is invalid. They also claim the effect of the by-law is to prohibit all uses of their land and is confiscatory.

1. On the basis of the findings of the judge, we hold that, as applied to the plaintiffs' lot, the town's twenty-one foot right-of-way requirement which precludes construction of a residence is valid and serves a public safety purpose. See *Iddings* v. *Board of Appeals of Mansfield,* 356 Mass. 742 (1970). See also *Trottier* v. *Lebanon,* 117 N.H. 148, 150-151 (1977); *Casagrande* v. *Town Clerk of Harvard,* 377 Mass. 703, 708 (1979). Every presumption is to be accorded the validity of the by-law, and, if its reasonableness is debatable, the judgment of the local authorities will prevail. *Crall* v. *Leominster,* 362 Mass. 95, 101 (1972). *Turnpike Realty Co.* v. *Dedham,* 362 Mass. 221, 233 (1972), cert. denied, 409 U.S. 1108 (1973).

2. While we do not attempt to define all the uses permissible under the by-law, we note that the twenty-one foot right-of-way requirement is not applicable to all uses of the plaintiffs' property. The definition of "lot" in § 2 of the by-law is "[a] parcel of land used or available for use as the site of one or more buildings . . . ." We construe the by-law, in accordance with the town's contention, to mean that the twenty-one foot right-of-way requirement is not applicable to uses which do not involve buildings, such as woodland, grassland, or farm, including agriculture and floriculture. Thus, as in *Turnpike Realty Co.* v. *Dedham,* 362 Mass. at 235, the plaintiffs have not been deprived of all beneficial uses of their property, nor have they shown that the application of the by-law to their land crosses the line "where regulation ends and confiscation begins." *Id.* at 236.

As the action is essentially one for declaratory relief, the judgment should declare that those provisions of the by-law which prohibit construction of a residence on the plaintiffs' land are valid. The action is remanded to the Land Court for the entry of a new judgment in that form.

                                    *So ordered.*

*June P. Prue* for the plaintiffs.
*Eric W. Wodlinger* for the defendant.