Merrimack
No. 81-360

EDDY PLAZA ASSOCIATES

v.

CITY OF CONCORD & a.

May 12, 1982

*John A. Durkin,* of Manchester, and *Perito, Duerk, Carlson &*

*Pirco P.C.*, of Washington, D.C. (*Mr. Durkin* on the brief and orally), for the plaintiff.

*Paul F. Cavanaugh*, of Concord, by brief and orally, for the defendant City of Concord.

*Gallagher, Callahan & Gartrell P.A.*, of Concord (*Donald E. Gartrell* on the brief and orally), for the intervenors, Main Realty Holding Trust and Northland Properties, Inc.

BROCK, J. This interlocutory transfer without ruling (RSA 490:9) concerns the power of the Concord planning board to exercise site-plan review authority. It specifically requests that we determine whether the rules and regulations embodied in articles 28-10, -11-4 of the City of Concord Zoning Ordinance, which apply to the exercise of the planning board's site review powers relating to large-scale developments, satisfy the requirements of RSA 36:19-a (Supp. 1981). We hold that they do not and remand the case to the trial court for further proceedings in accordance with our decision.

In December 1980, the defendant-intervenors, Main Realty Holding Trust and Northland Properties, Inc. (intervenors), submitted plans for the development of a shopping center on Fort Eddy Road in Concord for site-plan review by the City of Concord Planning Board. Those proceedings culminated on April 13, 1981, in the defendant planning board's decision to grant conditional final approval to the intervenors' development plan.

The plaintiff, Eddy Plaza Associates, which is the owner of an adjacent shopping center on Fort Eddy Road, appeared by its counsel at the planning board meeting on the site-plan review scheduled for February 25, 1981, and objected to the fact that the meeting was not a public hearing as required by RSA 36:19-a (Supp. 1981). As a result of this objection, the intervenors' application was set aside until the required public hearing could be held on March 16, 1981. Counsel for the plaintiff appeared at this hearing also, now claiming that the site-plan review proceeding should be stayed because the planning board lacked the power to exercise its site-plan review authority until it had adopted specific site-plan review regulations pursuant to RSA 36:19-a (Supp. 1981). The plannning board overruled that objection, holding that the general standards contained in article 28-10 of the Concord Zoning Ordinance satisfied the requirements of RSA 36:19-a (Supp. 1981) as to specific site-plan review regulations. It then proceeded with consideration of the intervenors' application and approved the intervenors' development plan on April 13, 1981.

The plaintiff appealed pursuant to RSA 36:34, seeking a declaration from the superior court that the planning board's proceedings and decision were invalid because the planning board had not promulgated the prerequisite rules and regulations pursuant to RSA 36:19-a (Supp. 1981). The Superior Court (*Contas*, J.) transferred this issue to this court without ruling.

The specific question before us is to what extent the "savings clause," contained in Laws 1979, 455:4, exempts a municipal planning board from complying with the specific terms of RSA 36:19-a II (Supp. 1981) before exercising site-plan review authority when the board, prior to adoption of the latter section, was exercising site-plan review authority under guidelines established in its municipality's zoning ordinance that related in general to site-plan review but did not deal specifically with the statutory mandates for site-plan regulations established in RSA 36:19-a II(a)(b)(c) (Supp. 1981). The savings clause provides that any authority granted to the planning board to review sites, and any regulations adopted by it under RSA 36:19-a prior to the 1981 amendment, shall remain valid until altered pursuant to the amended provision.

In order to answer the question presented, we must first analyze the statutes and ordinances involved in this case: first, the pertinent provision in the 1965 enabling statute, pursuant to which the City of Concord empowered its planning board to exercise site-plan review of large-scale developments before RSA 36:19-a (Supp. 1981) was adopted, see Laws 1965, 260:3; second, regulations that the City of Concord adopted in connection with site-plan review authority pursuant to the 1965 statute, see City of Concord Zoning Ordinance art. 28-10, -11-4; and third, the current version of the provision enabling municipalities to delegate their site-plan review authority to their planning boards. RSA 36:19-a (Supp. 1981).

In 1965, the State legislature enacted a statute which authorized a municipality to empower its planning board to conduct site-plan reviews of large-scale developments. Laws 1965, 260:3. There were two conditions precedent to the exercise of these powers: first, the municipality had to have a properly adopted zoning ordinance governing its subdivisions and, second, the planning board had to have specific subdivision regulations implementing the zoning ordinance. Laws 1965, 260:3 (current version at RSA 36:19-a (Supp. 1981)).

Pursuant to that statute, the City of Concord adopted article 28-10 of its zoning ordinance in 1977, which empowered the planning

board to conduct site-plan reviews of non-residential developments. At the time article 28-10 was enacted, it satisfied the two conditions set forth in Laws 1965, 260:3 (current version at RSA 36:19-a (Supp. 1981)). The City of Concord had a zoning ordinance, and the planning board had adopted subdivision regulations implementing the zoning ordinance. Since its adoption, article 28-10 of the City of Concord Zoning Ordinance has remained unchanged.

Effective June 25, 1979, the enabling statute governing the exercise of site-plan review authority was amended by the legislature. RSA 36:19-a (Supp. 1981). The amendment introduced major changes to the statute. In its first section, which concerns the delegation of authority from the State to a municipality, it augments the site review powers which a municipality may delegate to its planning board to include the power to review the sites of certain multi-family residential developments. In its second section, which deals with the planning board's exercise of the delegated authority, the statute creates an additional *condition precedent* that must be satisfied before the planning board may exercise its site-plan review authority. This condition mandates that "the planning board shall adopt site-plan regulations in the same manner as subdivision regulations are adopted. . . . " *Id.*

The 1979 statute also contains a so-called "savings clause" which addresses the application of the amendment to authority previously granted to a planning board and to regulations adopted by the planning board before the amendment. *See* Laws 1979, 455:4. The savings clause affirms the validity of any authority granted to a planning board to conduct site-plan reviews and of any site-plan regulations of a planning board in effect prior to the effective date of the amendment, until altered pursuant to the new provision. It requires, however, in its second sentence, that "any planning board having such authority which has not adopted specific site-plan review regulations shall do so prior to exercising the authority." Laws 1979, 455:4. In its last sentence, the savings clause states that the amendment shall not affect the site-plan review *authority* delegated to a planning board by reason of a zoning ordinance in effect before June 25, 1979.

■ It is well established that the State has the police power, which it may delegate to its municipalities by enabling legislation, to regulate the subdivision and development of land according to the legitimate ends of such power. *Chiplin Enterprises, Inc. v. City of Lebanon*, 120 N.H. 124, 126, 411 A.2d 1130, 1131 (1980) (citing *Town of Tuftonboro v. Lakeside Colony, Inc.*, 119 N.H. 445, 448, 403 A.2d 410, 412 (1979)). It is equally well established that in exercis-

ing this delegated power, municipalities "can only do so in a manner consistent with the enabling legislation . . . [and they] are bound by the plain meaning of the language used." *Id.*

RSA 36:19-a (Supp. 1981) and Laws 1979, 455:4 require that any planning board, even one that was empowered by a zoning ordinance to review site plans before its effective date, adopt specific site-plan review regulations prior to its exercise of site-plan review authority. We disagree with the defendants that the City of Concord has substantially complied with this requirement by adopting, in article 28-10 of its zoning ordinance, the necessary regulations to be used by its planning board in exercising its site-plan review authority, and that the planning board is therefore not required to adopt further regulations prior to exercising site-plan review authority. Their argument fails because the "regulations" embodied in Concord's zoning ordinance are inadequate. They are merely a statement of general principles and guidelines, from which administrative regulations must still be derived, and which are not self-implementing. Further, even if they could be considered "regulations," they do not address the items required by RSA 36:19-a II (Supp. 1981) (*i.e.*, "(a) [p]rocedures the board will follow in reviewing site plans, including any *notice* and *hearing require-ments.* . . . (c) Provisions relative to guarantees for performance, including bonds or other security.") (Emphasis added).

For these reasons, we find no substantial compliance with the requirements of RSA 36:19-a (Supp. 1981) and hold that the Concord Planning Board cannot continue to exercise site-plan review authority over large-scale developments until it adopts specific regulations as prescribed in RSA 36:19-a II (Supp. 1981). Because the Concord Planning Board has no validly enacted site-plan review regulations, the intervenors may proceed without site-plan approval, provided that they have complied with all other applicable ordinances.

*Remanded.*

All concurred.