Strafford
No. 83-312

DOVER PROFESSIONAL FIRE OFFICERS ASSOCIATION

v.

CITY OF DOVER, NEW HAMPSHIRE
WACKENHUT SERVICES, INCORPORATED, INTERVENOR

INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, LOCAL 1312

v.

CITY OF DOVER, NEW HAMPSHIRE
WACKENHUT SERVICES, INCORPORATED, INTERVENOR

November 10, 1983

166

*Brown & Randlett,* of Exeter (*G. Page Brown, Jr.,* on the brief and orally), for the plaintiff Dover Professional Fire Officers Association.

*Cahill, Murtha & Molan,* of Concord (*Stephen N. Cahill* and *Richard E. Molan* on the brief, and *Mr. Cahill* orally), for the plaintiff International Association of Firefighters, Local 1312.

*Perkins & Upshall P.A.*, of Concord (*Thomas G. Cooper* on the brief and orally), for the Associated Firefighters of New Hampshire, International Association of Firefighters, as amicus curiae.

*Shaheen, Cappiello, Stein & Gordon*, of Concord (*Steven M. Gordon* on the brief and orally), for the Voters Interested in Public Safety, as amicus curiae.

*Scott E. Woodman*, city attorney, of Dover, by brief and orally, for the defendant, City of Dover.

*Burns, Bryant, Hinchey, Cox & Shea P.A.*, of Dover (*Donald R. Bryant* and *Samuel R. Reid, III*, on the brief, and *Mr. Reid* orally), for the intervenor, Wackenhut Services, Incorporated.

PER CURIAM. This is an interlocutory transfer without ruling from the Superior Court (*Nadeau*, J.). At issue is the validity and constitutionality of a contract entered into by the City of Dover with a private corporation, Wackenhut Services, Incorporated, for the provision of fire protection and ambulance services in the city of Dover. We hold that the contract is void for failure to comply with the statutory mandates of chapter 101, section 1 of the New Hampshire Laws of 1983 (to be codified at RSA 47:1-a) (hereinafter Laws 1983, 101:1). We therefore find it unnecessary to address the constitutionality of such a contract.

On June 22, 1983, the defendant, the City of Dover (the city), by vote of the Dover City Council, executed a contract with Wackenhut Services, Incorporated (Wackenhut), under which Wackenhut was to provide fire protection and ambulance services for the city. Performance of these services was scheduled to begin on August 1, 1983, and to continue for a five-year period.

On June 24, 1983, each of the plaintiffs, the Dover Professional Fire Fighters Association and the International Association of Firefighters, Local 1312, filed a petition in the Strafford County Superior Court seeking to restrain the city from contracting out its fire protection services. The plaintiffs asked the court to grant their petitions for temporary and permanent injunctive relief, including an *ex parte* temporary restraining order, prohibiting the city from implementing its contract with Wackenhut and from entering into a similar contract with any other private corporation.

The Superior Court (*Goode*, J.) denied the plaintiffs' requests for an *ex parte* order and scheduled a hearing on the merits. Prior to the hearing date, the plaintiffs amended their petitions to include prayers for a declaratory judgment regarding the legality of the contract. On June 30, 1983, Wackenhut filed a motion to intervene as a

party to the action and moved, along with the city, to dismiss the plaintiffs' petitions for lack of standing.

On July 5, 1983, at the scheduled hearing, the parties presented extensive testimony as to the perceived advantages and disadvantages of the Wackenhut contract to the city. The Trial Court (*Nadeau*, J.) permitted Wackenhut to respond, with the city, to charges that the contract entered into by them was void because it contravened provisions of the Dover city charter, the State statutes, and the New Hampshire Constitution. During the hearing, counsel for the city acknowledged that at the time the city council entered into the contract with Wackenhut, it fully understood that by such a contract it would be effecting a drastic change in the manner of providing firefighting services for the city. The Dover City Manager further testified that, at the time of contracting, both the city council and Wackenhut did so with a full awareness of the existence and provisions of Laws 1983, 101:1.

The court issued its order on July 11, 1983, formally granting Wackenhut's motion to intervene and denying the defendant's and intervenor's motions to dismiss. Within its order, the court included a preliminary injunction which enjoined the city from entering into any contracts regarding fire protection and from implementing its contract of June 22, 1983. This injunction, which was to remain in effect until the underlying issues in the case could be resolved on the merits, also required the plaintiffs to continue to perform their duties of providing fire protection and associated services for the city, under the terms of their last negotiated contract with the city.

On July 21, 1983, the following two questions were transferred to this court:

"A. Does the City of Dover, through its elected officials, have the power to delegate to a private corporation the duties of fire protection and suppression?

B. If the City of Dover has such power, was the power exercised, in this instance, in accordance with New Hampshire law?"

We have chosen solely to address that portion of the second question that concerns the validity of the contract entered into by the City of Dover and Wackenhut Services, Incorporated, under statutory law.

On May 24, 1983, the legislature enacted chapter 101 of the Laws of 1983, effective that same date, mandating that "[n]otwithstanding any other provision of law to the contrary, no city council shall contract with any private firefighting unit unless said unit has been

certified by the State fire marshal pursuant to RSA 153:4-a." Laws 1983, 101:1.

The city entered into its contract with Wackenhut for fire protection services on June 22, 1983. Both the Dover City Council and Wackenhut were fully aware, at the time of contracting, of the existence and provisions of Laws 1983, 101:1. They were also cognizant of the fact that Wackenhut, a private corporation, had never been certified by the State fire marshal's office.

The city and Wackenhut contend, nonetheless, that their contract, although entered into prior to Wackenhut's certification by the State fire marshal, does not violate the statutory requirements of Laws 1983, 101:1. Both parties maintain that the underlying purpose of this statute is to prevent the performance and implementation of any written agreement between a city and a private firefighting unit, prior to that unit's having obtained certification from the State fire marshal. They contend that it is not the *signing* of the agreement, but its *performance* and *implementation,* which the statute is intended to prohibit. Wackenhut explicitly noted in its brief that it fully intended, pursuant to the terms of its contract with the city, to obtain the necessary certification from the State fire marshal's office prior to initiating its performance under the terms of the contract. By its recent motion, dated October 27, 1983, Wackenhut notified the court that it had in fact obtained certification from the State fire marshal's office on October 26, 1983.

"In any case involving the interpretation of a statute, the starting point must be the language of the statute itself." *State Employees' Ass'n of N.H. v. Bd. of Trustees,* 120 N.H. 272, 273, 415 A.2d 665, 666 (1980). The words and phrases of a statute should always be construed according to the common and approved usage of the language. RSA 21:2. When the language of a statute is plain and unambiguous, "we need not look beyond the statute itself for further indications of legislative intent." *Silva v. Botsch,* 120 N.H. 600, 601, 420 A.2d 301, 302 (1980).

In the instant case, the language of Laws 1983, 101:1 is clear and concise: *"No city council shall contract* with any private firefighting unit *unless said unit has been certified. . . ."* (Emphasis added.) The use of the word "shall" is generally regarded as a command, *Appeal of Concord Natural Gas Corp.,* 121 N.H. 685, 691, 433 A.2d 1291, 1295 (1981); *In re Russell C.,* 120 N.H. 260, 264, 414 A.2d 934, 936 (1980), and the use of the negative as a prohibition. In enacting Laws 1983, 101:1, the legislature explicitly mandated that *"no* city council *shall contract . . ."* (emphasis added) prior to certification.

■ Assuming, *arguendo*, we were to look beyond the plain language of the statute, the legislative prohibition is fully compatible with the public safety purpose behind the enactment. Upon reviewing the proposed legislation (HB 682), the House Public Protection and Veteran's Affairs Committee noted that "cities desiring to contract with private firefighting units would be aided by the knowledge of the State fire marshal, who would provide the assurance that the firefighting unit had the requisite personnel skills, technical equipment and experience to perform in a satisfactory manner." N.H.H.R. JOUR. 650 (1983).

■ The parties, in this instance, cannot ignore the plain language of Laws 1983, 101:1, and simply infer that the ultimate intent of the legislature was not to prohibit a city council from entering into a contract with a private firefighting unit prior to certification but, rather, to prevent the city from implementing that contract prior to certification. "Where the language of a statute is plain, we will give the words their usual and customary meaning." *State v. Peabody*, 121 N.H. 1075, 1077, 438 A.2d 305, 307 (1981).

■ We conclude, based upon the plain meaning of the language of Laws 1983, 101:1 and its legislative purpose, that the contract executed by the City of Dover and Wackenhut Services, Incorporated, is void for having been entered into in direct contravention of State law. The fact that Wackenhut has since obtained certification from the State fire marshal does not affect our judgment as to the validity of the contract. Because we find the current contract in this case to be void, we find no reason to address at this time the remainder of the constitutional and statutory arguments raised by the parties. We therefore remand this case to the superior court for further proceedings in accordance with this opinion.

*Remanded.*