Merrimack
No. 98-796

CHARLES COSSEBOOM

v.

TOWN OF EPSOM

April 18, 2001

*Michael L. Donovan*, of Concord, by brief and orally, for the plaintiff.

*Tony F. Soltani*, of Epsom, by brief and orally, for the defendant.

HOLLMAN, J., superior court justice, specially assigned under RSA 490:3. The Town of Epsom (town) appeals from an order of the Superior Court (*Manias*, J.) reversing the decision of the Town of Epsom Zoning Board of Adjustment (ZBA) that the substandard lot of the plaintiff, Charles Cosseboom, was not exempt from zoning requirements. We affirm in part, reverse in part and remand.

In August 1996, the plaintiff purchased a half-acre lot from the town containing 150 feet of frontage on Swamp Road. The lot is located in the residential district and was created by deed of record on January 21, 1966. The town did not adopt its zoning ordinance until September 15, 1969.

In February 1997, the plaintiff applied for a building permit to construct a single family home on his property. The board of selectmen (selectmen) denied the plaintiff's request because his lot did not comply with the current acreage and frontage requirements. The selectmen informed the plaintiff that he would have to obtain a variance and special exception from the ZBA before being issued a building permit. Under the zoning ordinance, a special exception is needed to avoid the acreage requirement, *see* EPSOM, N.H., ZONING ORDINANCE art. II, § C (c) (1969), and a variance is needed to avoid the frontage requirement, *see id.* art. III, § G (d) (1973).

The plaintiff appealed to the ZBA, arguing that his lot was grandfathered, *i.e.*, exempt from zoning regulations, as to residential use because the lot was created before the adoption of the zoning ordinance. The ZBA upheld the selectmen's decision and denied the plaintiff's motion for rehearing.

The plaintiff appealed the ZBA's decision to the superior court, *see* RSA 677:4 (1997), arguing, among other things, that his lot was grandfathered under Article III, section B of the zoning ordinance (the pre-existing use ordinance). In pertinent part, this section states:

> Nothing in this ordinance shall be construed to prevent continuance of any existing use of land or buildings, but when any non-conforming use is discontinued for at least one year, said buildings or land shall be subject to the provisions of this Ordinance. Any pre-existing lot, not located in a subdivision, which does not abut land of the same ownership shall be considered of conforming size provided such lot shall meet all dimensional and area requirements, if any, in existence at the time the lot was created.

EPSOM, N.H., ZONING ORDINANCE art. III, § B (1973).

The parties filed cross-motions for partial summary judgment. The trial court denied the plaintiff's motion and granted the town's motion in part, determining that while the pre-existing use ordinance exempted the plaintiff's lot from the acreage requirement, a variance was necessary to satisfy the town's frontage requirement. Upon reconsideration, however, the trial court reversed its prior order, concluding that the pre-existing use ordinance exempted the plaintiff's lot from the frontage requirement as well. This appeal followed.

On appeal, the town argues that the trial court erred in reversing the ZBA's decision because: 1) the plaintiff failed to argue before the ZBA or in his petition to the superior court that the pre-existing use ordinance exempted his property from the zoning requirements; 2) the pre-existing use ordinance is inapplicable because there was no "pre-existing" use on the plaintiff's lot; and 3) the pre-existing use ordinance does not exempt the plaintiff's lot from compliance with the frontage requirement.

"Under the applicable standard of review, we will uphold the trial court's decision unless it is not supported by the evidence or is erroneous as a matter of law." *Aranosian Oil Co. v. City of Portsmouth*, 136 N.H. 57, 59 (1992). The trial court's review of the ZBA decision is governed by RSA 677:6 (1997). Pursuant to this statute, the ZBA's findings of fact are presumed to be *prima facie* lawful and reasonable, and its decision will be set aside only if the court is persuaded that it is unreasonable by a balance of the probabilities or unlawful. *See* RSA 677:6; *see also Korpi v. Town of Peterborough*, 135 N.H. 37, 39 (1991); *Rowe v. Town of North Hampton*, 131 N.H. 424, 428 (1989).

The town first contends that we should not consider the plaintiff's argument that the pre-existing use ordinance exempted his lot from the zoning requirements because he failed to present the argument to the ZBA or in his petition to the superior court.

■ "We have previously noted . . . that a party cannot raise alternative allegations or claims on appeal that were not considered below." *Miller v. Basbas*, 131 N.H. 332, 337-38 (1988). Our review of this issue is limited by the scant record before us. Under our rules, it is generally the responsibility of the moving party, in this case the town, to provide the court with a record sufficient to decide the issue presented on appeal. *See Rix v. Kinderworks Corp.*, 136 N.H. 548, 553 (1992); *see also* SUP. CT. R. 13, 15. The town has not provided us with the certified record of the proceedings before the ZBA. Thus, we cannot conclude that the plaintiff failed to present the

argument regarding the applicability of the pre-existing use ordinance before the ZBA. However, we hold that the plaintiff did raise the issue in his appeal to the superior court because the petition clearly cites the pre-existing use ordinance as a basis for relief from enforcement of the zoning requirements. Therefore, we will consider the issue here.

The town next argues that the plaintiff cannot invoke the benefit of the pre-existing use ordinance in this case because the ordinance, when read as a whole, affords protection only to those substandard lots which have had a particular pre-existing use. We disagree.

"Construction of the terms of a zoning ordinance is a question of law upon which this court is not bound by the interpretations of the zoning board." *Brennan v. Winnipesaukee Flagship Corp.*, 122 N.H. 524, 526 (1982). Pursuant to the rules of statutory construction, all undefined words and phrases of an ordinance will "be construed according to the common and approved usage of the language, and we will consider legislative intent only when a term is ambiguous." *Lemm Development Corp. v. Town of Bartlett,* 133 N.H. 618, 620 (1990). An ordinance such as the one in this case is designed to assist owners of substandard lots in avoiding the confiscatory result of the strict and literal enforcement of zoning ordinances. *See R.A. Vachon & Son, Inc. v. Concord,* 112 N.H. 107, 113 (1972). "The effect of [this ordinance] is to render undersized lots standard even though deficient." *Town of Seabrook v. Tra-Sea Corp.*, 119 N.H. 937, 942 (1979).

■ Having considered the language of the pre-existing use ordinance in its entirety, we construe it as affording relief to owners of pre-existing substandard lots as well as to owners of lots with non-conforming, pre-existing uses. To interpret the ordinance as applying only to lots that involve both a pre-existing substandard size and a pre-existing use would significantly narrow the protection afforded by the ordinance and effectively render the exemption from lot size requirements meaningless. There is no dispute in this case that the plaintiff's lot was created before the date the ordinance was enacted and that it has insufficient acreage to comply with the current zoning regulations. Accordingly, we uphold the trial court's ruling that the plaintiff's lot is conforming in size under the pre-existing use ordinance and thus exempt from the acreage requirement.

The town next argues that the pre-existing use ordinance does not provide an exemption from the town's frontage requirement. We begin our analysis by considering the words of the ordinance.

Because the terms "size," "dimension" and "area" are not expressly defined in the pre-existing use ordinance, we consider the plain and customary meaning of these words. *See Lemm Development Corp.*, 133 N.H. at 620. "Size" is defined as "physical magnitude, extent, or bulk: the actual, characteristic, normal, or relative proportion of a thing." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2131 (unabridged ed. 1961). The word "dimension" is defined as "measure in a single line: the physical characteristic of length, breadth, or thickness." *Id.* at 634. Finally, "area" is defined as "the surface included within any set of lines: the enclosed space or site on which a building stands: the expanse or tract of the earth's surface." *Id.* at 115.

The superior court determined that the pre-existing use ordinance included "frontage" because it is a measurement in a particular direction and thus a "dimensional" requirement. While the court was correct in construing "dimension" as a component of "size," we disagree that "frontage" is a dimensional requirement. Rather, "frontage" is defined as the "[l]inear distance of property along street, highway, river, or lake." BLACK'S LAW DICTIONARY 668 (6th ed. 1990); *see also* 3 ANDERSON'S AMERICAN LAW OF ZONING § 18.15, at 318 (4th ed. 1996). As a result, the sine qua non of "frontage" is the property's location, making it more a creature of geography than geometry. A plain reading of the pre-existing use ordinance reveals that "size" includes both "dimension" and "area": two mutually exclusive terms, with "dimension" representing a linear measurement and "area" representing a spatial measurement. "Frontage," however, is not encompassed within either of these categories, and is not a constituent of "size."

■ Nevertheless, the plaintiff argues that we should construe "dimension" as including "frontage" based upon the language of our previous decisions. While we agree that we have effectively used "dimension" and "frontage" interchangeably in prior cases, *see, e.g., Fifield Island, Inc. v. Town of Hampton*, 124 N.H. 828 (1984); *Meadowbrook Inn Corp. v. Sheridan*, 120 N.H. 613 (1980), those references were stated in dicta and do not control our decision in this case. Even assuming that the analogous use of "dimension" and "frontage" in *Fifield Island, Inc.* was not dicta, that case is distinguishable because it involved a "grandfather clause" that applied specifically to "frontage." *Fifield Island, Inc.*, 124 N.H. at 830. Moreover, to construe the pre-existing use ordinance as the plaintiff suggests would lead to an illogical result. *See Appeal of Coastal Materials Corp.*, 130 N.H. 98, 105 (1987). If we interpret the

ordinance as exempting pre-existing lots from the "frontage" requirements, a landowner could be allowed to build on a completely landlocked parcel. Such a result could not have reasonably been intended by the drafters of the ordinance when it was promulgated.

Accordingly, we hold that "size" is not inclusive of "frontage" for purposes of the pre-existing use ordinance. The superior court erred in ruling that the pre-existing use ordinance exempted the plaintiff's lot from the frontage requirement of the zoning ordinance.

*Affirmed in part; reversed in part; remanded.*

NADEAU, DALIANIS and DUGGAN, JJ., concurred; SMITH, J., superior court justice, specially assigned under RSA 490:3, concurred.